IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAILEY HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-551-BN |
| | § | |
| CONSUMERDIRECT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant ConsumerDirect, Inc. ("ConsumerDirect") has filed a motion to dismiss for lack of jurisdiction. *See* Dkt. No. 12.

While ConsumerDirect cites Federal Rule of Civil Procedure 12(b)(3) as the basis for its motion to dismiss, the Court construes it as a Motion to Dismiss for *Forum Non Conveniens*.

Plaintiff Bailey Holland filed a response, *see* Dkt. No. 14, and ConsumerDirect filed a reply, *see* Dkt. No. 15.

For the reasons explained below, the Court grants ConsumerDirect's Motion to Dismiss [Dkt. No. 12].

### Background

This case arises out of ConsumerDirect's alleged violation of various provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j, and the Texas Credit Services Organizations Act ("TCSOA"), TEX. FIN. CODE § 393.001, *et seq*.

ConsumerDirect is a purported credit repair organization that "offers

consumer services designed to improve their credit." Dkt. No. 1 at 2. And Plaintiff Bailey Holland engaged ConsumerDirect's services to assist her with getting negative information removed from her credit and improve her credit score. *See id.*

Holland asserts that she set up an account with ConsumerDirect's online platform to dispute the desired information on her credit report. *See id.* And the platform would generate dispute letters for her to send to the credit reporting agencies. *See id.* at 3.

On June 6, 2023, Holland executed ConsumerDirect's Service Agreement for its SmartCredit product (the "Agreement"). *See* Dkt. No. 12 at 1.

Among other things, the Agreement contains (1) an agreement to arbitrate disputes provision; and (2) a forum selection clause ("FSC"), which states that "[j]urisdiction and "[v]enue shall be 'exclusively and only' in the State and County of Defending Party." *See* Dkt No. 12-1 at 25-28.

ConsumerDirect is a Nevada corporation with its principal place of business located at 16795 Von Karman Avenue, Suite 230, Irvine, California 92606. *See* Dkt. No. 1 at 2. And, so, ConsumerDirect's principal place of business is in Orange County, California. *See* Dkt. No. 12 at 2.

Holland purportedly paid ConsumerDirect $40 per month to use its services and maintained these payments for about six months. *See* Dkt. No. 1 at 3. But Holland "failed to notice any improvement to her credit score or that any negative information ha[d] been removed." *Id.* And Holland alleges that her credit score is in a worse position than it was before engaging ConsumerDirect's services. *See id.*

Holland alleges that the lack of credit score improvement is due in part to ConsumerDirect's dispute letters being "designed to submit disputes for consumers that are not reasonably calculated to lead to the removal of the information being challenged." *Id.*

On November 7, 2023, Plaintiff initiated arbitration with the American Arbitration Association ("AAA") as required by the Agreement. *See* Dkt No. 12 at 1.

AAA declined to administer the arbitration and provided Holland with a letter advising her that she could file her lawsuit in the appropriate court. *See id.*

On March 6, 2024, Plaintiff filed her action under the CROA and TCSOA in this Court. *See* Dkt. No. 1.

ConsumerDirect then filed its motion to dismiss [Dkt. No. 12] currently before the Court.

**Legal Standards**

A district court may employ the doctrine of *forum non conveniens* to "decline to exercise its jurisdiction and dismiss a case that is otherwise properly before it so that the case can be adjudicated in another forum." *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020). Traditionally, *forum non conveniens* provides courts with criteria to select the appropriate forum when two or more forums are available in which the defendant is amenable to process. *See McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001). *Forum non conveniens* is also "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013).

Ordinarily, courts determine the efficacy of a *forum non conveniens* motion to dismiss by considering the same private-and public-interest factors considered in a 28 U.S.C. § 1404(a) transfer analysis. *See id.* at 60-61; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 & n.6 (5th Cir. 2016). This analysis requires courts to "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote the 'interest of justice.'" *Atl. Marine*, 571 U.S. at 62-63. Typically, courts give deference to the plaintiff's choice of forum and charge the moving party with the burden to demonstrate that the transferee venue is more convenient. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

But "[t]he existence of a mandatory, enforceable [forum-selection clause] dramatically alters this analysis." *Weber*, 811 F.3d at 767. "First, the plaintiff's choice of forum 'merits no weight,'" and the burden shifts to the plaintiff to show "that ... [*forum non conveniens*] dismissal is unwarranted." *Id.* (quoting *Atl. Marine*, 571 U.S. at 63). Second, the Court should disregard "arguments about the parties' private interest," and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64.

And, so, the Court's analysis is limited to consideration of the following public-interest factors: (1) the "administrative difficulties flowing from court congestion;" (2) "the local interest in having localized controversies decided at home;" (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;" (4) "the avoidance of unnecessary problems in conflict of

laws, or in the application of foreign law;" and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Weber*, 811 F.3d at 776. "The factors 'will rarely defeat a transfer motion,' so 'the practical result is that [forum-selection clauses] should control except in unusual cases.'" *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).

And courts "may consider matters outside the pleadings" when evaluating a motion to dismiss based on a forum-selection clause. *Ney v. 3i Grp., P.L.C.*, No. 21-50431, 2023 WL 6121774 (5th Cir. 2023) (cleaned up).

## Analysis

ConsumerDirect seeks dismissal on the basis that the FSC governs this dispute and that this case must be dismissed for *forum non conveniens* and refiled, if at all, in state or federal court where its principal place of business is located – Orange County, California. *See* Dkt. No 12 at 2.

In response, Holland argues that dismissal is inappropriate because the Agreement containing the FSC is entirely void and unenforceable under the CROA. *See* Dkt. No 14 at 2.

### I.     Whether the FSC is Mandatory or Permissive

The analysis begins with consideration of whether a FSC is mandatory or permissive, because only "[o]nly mandatory clauses justify ... dismissal." *Weber*, 811 F.3d at 768; *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 n.7 (3d Cir. 1973) (distinguishing between forum-selection clauses that mandate "exclusive jurisdiction" and those that "merely consent" to jurisdiction). "A permissive clause

authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract." *Agri-Marketing, Inc. v. ProTerra Sols., LLC*, No. 5:17-cv-00627, 2018 WL 1444167, at *3 (E.D. Pa. Mar. 22, 2018) (citing *Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir. 2014)).

There is little agreement among federal courts as to what constitutes a mandatory forum selection clause, but Pennsylvania courts have consistently held that "clauses that merely empower a court to hear litigation and in effect waive any objection to personal jurisdiction in that court [ ] are 'permissive,' " whereas "when a forum selection clause contains exclusive or obligatory language, it is considered mandatory." *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, No. CV 21-4664, 2021 WL 5987318, at *4 (E.D. Pa. Dec. 17, 2021) (quoting *Samuel T. Freeman & Co. v. Hiam*, No. CIV.A. 12-1387, 2012 WL 2120474, at *8 (E.D. Pa. June 11, 2012)).

Here, the Agreement's FSC states, "Jurisdiction and Venue shall be 'exclusively and only' in the State and County of Defending Party." Dkt. No. 12-1 at 28.

And, so, ConsumerDirect, as the "Defending Party" asserts that the FSC in the Agreement is mandatory, *see* Dkt. No. 12 at 7, and that Orange County, California, where its principal place of business is located, is the only proper forum, *see id.* at 2.

Holland's response fails to address the issue of whether the FSC is mandatory or permissive.

While it is true that Pennsylvania courts regard "shall" as an indication of

mandatory intent, *see Frazetta v. Underwood Books*, No. 3:CV-08-0516, 2009 WL 959485, at *4 (M.D. Pa. Apr. 6, 2009) (noting that "it is generally recognized that the word 'shall' is to be interpreted as mandatory"), the words preceding and following it are of equal importance in determining the clause's meaning, *see Maguire Insurance Agency, Inc. v. Amynta Agency, Inc.*, No. 5:21-CV-4664, 2021 WL 5987318, at *3 (E.D. Pa. Dec. 17, 2021) ("Where a forum-selection clause involves the consent to jurisdiction in a named forum but provides no language indicating that jurisdiction is exclusive, the forum-selection clause is merely permissive.").

But here, there is exclusionary and obligatory language precluding or negating jurisdiction or proper venue in another forum. *See Sept. Props. LLC v. Millionaire Gallery, Inc.*, No. 18-988, 2018 WL 4466066, at *5 (E.D. Pa. Sept. 18, 2018) ("A general maxim in interpreting forum-selection clauses is that an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.")

The Agreement's FSC explicitly states that "[j]urisdiction and [v]enue shall be **'<u>exclusively and only</u>'** in the State and County of Defending Party." Dkt. No. 12-1 at 28 (emphasis added); *see also Wolfe v. TBG Ltd.*, No. CIV.A. 13-3315, 2014 WL 325637, at *2 (E.D. Pa. Jan. 28, 2014) ("The Plan and the rights of each person hereunder will be governed by the laws of [ ] England and subject to the *sole* jurisdiction of the English Courts."); *Petrik v. Corr. Eyecare Network, Inc.*, No. 4:12-CV-2252, 2013 WL 12203007, at *6 (M.D. Pa. Aug. 22, 2013) ("The parties consent to the jurisdiction of the Courts of the State of New York and as

the *exclusive* courts of jurisdiction with respect to the interpretation or enforcement of the provisions of this agreement."); *Com. Com. Leasing, LLC v. Jay's Fabric Ctr.*, No. CIV.A.04-4480, 2004 WL 2457737, at *1 (E.D. Pa. Nov. 2, 2004) ("[A]ll legal actions relating to this Lease shall be venued *exclusively* in a state or federal court located within [the State in which the assignee's principal offices are located].") (emphasis added).

And, so, the Court finds that the parties intended to limit jurisdiction and venue only to the state and county of the defending party – in this case, Orange County, California. And the inclusion of exclusive language in the Agreement's FSC indicates that it is mandatory, not permissive.

## II.     Validity and Enforceability of the FSC

Having concluded that the FSC is mandatory, the Court must decide whether it is enforceable. *See Weber*, 811 F.3d at 773.

The Court, "in keeping with Supreme Court precedents, applies a strong presumption in favor of the enforcement of mandatory FSCs." *Weber* 811 F.3d at 773 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962-963 (5th Cir. 1997)).

> The presumption of enforceability may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances. Unreasonableness potentially exists where (1) the incorporation of the [FSC] into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the [FSC] would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S.

1, 7 (1972)).

Here, Holland argues that the Agreement containing the FSC is entirely void and unenforceable because the Agreement fails to comply with the CROA. *See* Dkt. No. 14 at 2, 4-7. And "[p]ursuant to 15 U.S.C. §§ 1679f(c), any contract for credit repair services that does not comply with the CROA 'shall be treated as void' and 'may not be enforced by any Federal or State court or any other person.'" *Id.* at 2.

Specifically, Holland alleges that the Agreement fails to comply with the following requirements outlined in the CROA: the terms and conditions of payment, including the total amount of all payments to be made; an estimate of the date by which the performance of the services will be complete or the length of time necessary to complete the services; a conspicuous disclosure, in bold face type of the consumer's right to cancel the contract, in immediate proximity to the space reserved for the consumer's signature on the contract; and attempts to obtain waivers from consumers of their protections and rights provided under the CROA. *See id.* at 4-7.

But "[a]rguments that go to the validity of the contract as a whole do not prevent enforcement of an FSC; instead, the party seeking to avoid enforcement must demonstrate that the FSC is invalid rather than merely claim the contract is invalid." *Weber 8*11 F.3d at 773 (cleaned up). And, so, "[i]n effect, the court is to treat the FSC as both severable and presumptively valid." *Id.*

Holland makes no showing that there was fraud, overreaching, or some other invalidating factor in the procurement of the FSC specifically. *See* Dkt. No. 15 at 3-4. Rather, all of Holland's contentions are directed to the substance of the Agreement

as a whole, rather than to the FSC. *See Weber 811 F.3d* at 775.

And Holland has not presented any allegations that she would be deprived of her day in court due to inconvenience or unfairness of the chosen forum, that she would be deprived from seeking any applicable relief or remedy, or that enforcement of the FSC would contravene a strong public policy. *See* Dkt. No. 15 at 4-7.

And, so, Holland has not carried the burden required to overcome the strong presumption in favor of the enforceability of the FSC. *Accord Weber 811 F.3d* at 775. And the Court finds that the FSC is enforceable.

### III.   Whether Dismissal is Appropriate under *Forum Non Conveniens*

Since the FSC at issue is mandatory and enforceable, the Court must now determine whether the *forum non conveniens* doctrine warrants dismissal of Plaintiff's claims against ConsumerDirect. As stated above, the clause simplifies this analysis so that the Court can ignore the Plaintiff's choice of forum and consider the public interest factors alone.

These factors justify a refusal to enforce a forum-selection clause only in "truly exceptional cases." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 309 (5th Cir. 2016) (quoting *Weber* 811 F.3d at 776*).* And this suggests a "high burden of persuasion" on the party seeking to avoid enforcement of the FSC. *Weber* 811 F.3d at 776.

Here, Holland's briefing fails to include any discussion of the public-interest factors. *See generally* Dkt. No. 14.

And, so, the Court cannot disregard the parties' agreement on public interest grounds because Holland has failed to carry her burden of demonstrating that this is a "truly exceptional" case.

And the Court finds that dismissal under *forum non conveniens* is appropriate.

## Conclusion

For the reasons explained above, the Court GRANTS Defendant ConsumerDirect's Motion to Dismiss [Dkt. No. 12], and all of Plaintiff's claims against ConsumerDirect are hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

DATED: December 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE